OPINION OF THE COURT
Leon Deutsch, J.
On August 15, 1978, a petition was filed in the Juvenile Court of Tift County, Georgia, alleging that respondent Spencer M., a 16-year-old male, violated section 26-1701 (forgery in the first degree) of the Georgia Code. After conducting a fact-finding hearing, the Tift County Juvenile Court entered an order dated August 17,1978 stating that:
"it is * * * ordered and adjudged that the allegations of said petition have been sustained and said child * * * is hereby found to be in a state of delinquency.
"it is further ordered, pursuant to the provisions of Section 24A-1201 of the Code of Georgia, since it appears that said child is a resident of Kings County, New York that a certified copy of this Order and a certified copy of said Juvenile Court Petition be transferred to the Juvenile Court of Kings County, New York, so that the dispositional phase * * * can take place”.
*664 Copies of the petition and order in this case were transferred to this court and a Law Guardian was assigned to represent the respondent. The Law Guardian made an oral motion to dismiss this case for lack of jurisdiction, and thereafter submitted an affirmation in support of his motion to dismiss.
The Georgia Juvenile Court erroneously relied on section 24A-1201 of the Code of Georgia as authority for transferring a delinquency proceeding to a New York State Family Court for the purpose of conducting a dispositional hearing. Section 24A-1201 of the Code of Georgia is entitled "Transfer to another court within the State,” and it reads in pertinent part as follows: "If the child resides in a county of this State and the proceeding is commenced in a court of another county, the court shall, after adjudication of delinquency or unruliness, transfer the proceeding to the county of the child’s residence for disposition.” It is obvious from a reading of this statute that it merely permits a Georgia Juvenile Court to transfer a delinquency proceeding to a court of a different county within the State of Georgia for disposition. This statute does not provide any authority for a Georgia Juvenile Court to make interstate transfers of this nature.
Given that section 24A-1201 of the Code of Georgia does not authorize a Georgia Juvenile Court to transfer a delinquency proceeding to New York State Family Court for disposition, the issue presented here is whether this court, nevertheless, possesses jurisdiction to conduct a dispositional hearing in a juvenile delinquency proceeding where both the delinquent act and the fact-finding hearing occurred in the State of Georgia.
The New York State Family Court has exclusive jurisdiction to deal with acts of juvenile delinquency and derives its powers from article 7 of the New York State Family Court Act. Nowhere in this statute is there specific authority to deal with out-of-State crimes constituting acts of delinquency under the laws of other States. Nowhere in this statute is there any authority to hold dispositional hearings over delinquent acts committed in other States and for which acts such other States had held fact-finding hearings and made determinations.
Furthermore, it is a fundamental principle of law that the due process clause of the Fourteenth Amendment of the United States Constitution prohibits overreaching by the States in the exercise of jurisdiction over out-of-State events. As stated by the court in Pearson v Northeast Airlines (309 *665 F2d 553, 563), "the Due Process Clause prevents an arbitrary application of a state’s jurisprudence to an out-of-state event.” (See, also, People v Puig, 85 Misc 2d 228, 234.)
In the instant case, respondent committed the act of forging a check in the State of Georgia. By its very nature, this act offended the sovereignty of the State of Georgia, and it in no way affected the State of New York. Furthermore, a fact-finding hearing on the commission of this act by respondent was conducted in the State of Georgia, and the respondent was there adjudicated to be a juvenile delinquent according to the laws of Georgia. Certainly, it would offend the most basic notions of constitutional due process if the State of New York were to take it upon itself at this stage of the proceedings to impose the restraints of liberty inherent in any disposition by conducting a dispositional hearing in this matter.
This court holds, therefore, that the State of New York does not have jurisdiction to conduct a dispositional hearing where the act complained of was committed in the state of Georgia and where a finding had been made in that State. There is no sanction for such action in the New York State Family Court Act, and in any event, such action would constitute a violation of the constitutional due process prohibition against overreaching by the States in the exercise of jurisdiction over out-of-State events..
At first glance, there appears to be a statutory basis for this court to have jurisdiction to conduct a dispositional hearing in this case pursuant to section 24A-3001 of the Code of Georgia which is entitled Disposition of non-resident child. Paragraph (a) of that statute reads as follows: "If the court finds that a child who had been adjudged to have committed a delinquent act ***is***a resident of another State which has adopted the Uniform Juvenile Court Act, or a substantially similar Act which includes provisions corresponding to sections 24A-3001 * * * the court may defer hearing on need for treatment or rehabilitation and disposition and request by any appropriate means the juvenile court of the child’s residence * * * to accept jurisdiction of the child.”
The inadequacy of this provision is that the State of New York has not adopted the Uniform Juvenile Court Act nor a substantially similar act which includes provisions corresponding to section 24A-3001 of the Code of Georgia. This provision therefore fails to provide a jurisdictional basis for this court to conduct a dispositional hearing in this case.
*666 The Interstate Compact on Juveniles also fails to provide a jurisdictional basis for this court to conduct a dispositional hearing under the facts of the instant case. Both New York and Georgia are contracting States to the compact. (See L 1955, ch 155; Code of Georgia, §§ 99-3401-993407.)
The first article of the compact states the purposes of the compact pertinent to delinquents: "The cooperation of the states party to this compact is * * * necessary to provide for the welfare and protection of juveniles and of the public with respect to (1) cooperative supervision of delinquent juveniles on probation or parole; (2) the return, from one state to another, of delinquent juveniles who have escaped or absconded” (L 1955, ch 155, § 1, art 1).
Subsection (2) clearly does not apply to this proceeding since the respondent has not escaped nor absconded from Georgia.
Subsection (1) likewise does not apply in this case since a dispositional hearing was never held in the Georgia proceeding. The terms "probation” and "parole” in the context of this subsection, coupled as they are with the concept of "supervision”, are clearly postdispositional. The Interstate Compact merely confers jurisdiction on a New York court to co-operate in the supervision of a juvenile who has already been placed on probation or parole by another contracting State to the compact. It does not grant a New York State court jurisdiction to impose its own dispositional order in lieu of a dispositional order from the State of Georgia.
Accordingly, for the reasons stated hereinabove, there is no legal authority for this court to possess jurisdiction over the instant matter, and respondent’s motion to dismiss for want of jurisdiction is hereby granted.